UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

VICTOR TORRES-MEJIA,

Petitioner,

v.

JERRY HOWELL, et al.,

Respondents.

Case No. 2:18-cv-00681-RFB-VCF

ORDER

Before the Court is Respondents' Motion to Dismiss certain grounds in Petitioner Victor Torres-Mejia's 28 U.S.C. § 2254 habeas corpus petition as unexhausted or procedurally barred. (ECF No. 20). Also before the Court is Respondents' Motion to Seal. (ECF No. 22).

## I.      Background & Procedural History

In April 2013, Torres-Mejia plead guilty to two counts of trafficking in a controlled substance. Ex. 37.[1] He moved to withdraw the guilty plea; the state district court conducted a hearing and denied the motion. Exs. 44, 51. He was sentenced to concurrent terms of ten to twenty-five years. Ex. 52 at 7.  Judgment of conviction was filed on November 7, 2014. Ex. 53.

The Nevada Supreme Court affirmed Torres-Mejia's convictions and affirmed the denial of his state postconviction habeas corpus petition. Exs. 61, 83.

[1] Exhibits 1-85 referenced in this order are exhibits to Petitioner's Second-Amended Petition, ECF No. 15, and are found at ECF Nos. 16-19. Exhibits 86-105 are exhibits to Respondents' Motion to Dismiss, ECF No. 20, and are found at ECF No. 21.

Torres-Mejia dispatched his federal habeas corpus petition for filing in April 2018. (ECF No. 1).  This Court granted his Motion for Appointment of Counsel. (ECF No. 9). Torres-Mejia filed a counseled Second Amended Petition. (ECF No. 15). Respondents now move to dismiss certain claims in the Amended Petition as unexhausted or procedurally barred. (ECF No. 20).  Torres-Mejia opposed and Respondents replied. (ECF Nos. 26, 27).

## II.    Legal Standards & Analysis

### a. Exhaustion

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised.  Rose v. Lundy, 455 U.S. 509, 518-22 (1982); 28 U.S.C. § 2254(b).  A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition.  O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999). See also Duncan v. Henry, 513 U.S. 364, 365 (1995).  A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings.  See Casey v. Moore, 386 F.3d 896, 916 (9th Cir. 2004); Garrison v. McCarthey, 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court."  Picard v. Connor, 404 U.S. 270, 276 (1971).  The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion.  Ybarra v. Sumner, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing Picard, 404 U.S. at 276).  To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights.  Duncan, 513 U.S. at 365-66. See also Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999) (citing Duncan, 513 U.S. at 365-66).  It is well settled that 28 U.S.C. § 2254(b) "'provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court.'"

Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001) (quoting Lundy, 455 U.S. at 520). "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." Hiivala, 195 F.3d at 1106 (citation omitted).  However, citation to state case law that applies federal constitutional principles will suffice.  Peterson v. Lampert, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. Picard, 404 U.S. at 277–78. The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, Nevius v. Sumner, 852 F.2d 463, 470 (9th Cir. 1988), or where different facts are presented at the federal level to support the same theory, Pappageorge v. Sumner, 688 F.2d 1294, 1295 (9th Cir. 1982) (Ely, J., concurring).

**Ground 3 in part**

Torres-Mejia argues that he did not enter his guilty plea knowingly, voluntarily and intelligently in violation of his Fifth, Sixth, and Fourteenth Amendment rights. (ECF No. 15 at 12-14).  He contends that he retained Frank Kocka to represent him because he lacked confidence in his court-appointed attorney, but the state district court refused to allow Kocka to represent him because it would have required another continuance.  He states that with the court's refusal he did not believe he had an attorney at the time and thought that his only option was to plead guilty.

Respondents argue that Torres-Mejia did not raise this claim as a Fifth Amendment violation to the state's highest court, and therefore, the Fifth Amendment claim is unexhausted. (ECF No. 20 at 4; ECF No. 27 at 7-9).  Torres-Mejia's claim on direct appeal focused explicitly on allegations that his Sixth Amendment right to retained counsel of his choice was violated.  Ex. 57 at 19-30. But Torres-Mejia points out that he also cited to a Nevada state case, Little v. Warden, 34 P.3d 540, 543 n.7 (Nev. 2001), which in turn cited Boykin v. Alabama, 395 U.S. 238, 243-244 (1969). In Boykin, the Supreme Court explains

that "[s]everal federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial. First, is the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment and applicable to the States by reason of the Fourteenth." 395 U.S. at 243.

This Court holds that a fair reading of Torres-Mejia's direct appeal yields the conclusion that he exhausted federal Ground 3 as a Fifth, Sixth, and Fourteenth Amendment claim.

**Ground 4**

Torres-Mejia asserts ineffective assistance of counsel, alleging that his trial counsel failed to convey to him that the State's plea offer expired in violation of his Sixth and Fourteenth Amendment rights. (ECF No. 15 at 14-16). Respondents argue that Torres-Mejia has added two factual allegations that fundamentally alter the claim and thus render it unexhausted. (ECF No. 20 at 4-5).  First, Torres-Mejia refers to the specific plea offer of four to fifteen years, and second, he alleges that he was not present at a November 8, 2012 hearing when the State first explained that the offer would expire in two weeks.

As to Respondents' first contention, Torres-Mejia in fact identified the terms of the plea deal (four to fifteen years) in his appeal of the denial of his state postconviction petition. See Ex. 78 at 4, 11, 36-37. Second, Respondents are correct that Torres-Mejia has not previously alleged that he was not present at the November 8, 2012 hearing during which the State said that the offer would expire in two weeks.  Compare Ex. 78 with ECF No. 15 at 14-16.  However, the gravamen of the claim in Ground 4 is that Torres-Mejia's counsel failed to convey the expiration of the plea.  The main factual allegations focus on the December 20, 2012 hearing—at which Torres-Mejia was present but without an interpreter—and whether he knew then that the deal had been withdrawn. Having carefully reviewed the state court proceedings, the Court concludes that federal Ground 4 is exhausted.

**b. Procedural Default**

4

28 U.S.C. § 2254(d)(1) provides that this Court may grant habeas relief if the relevant state court decision was either: (1) contrary to clearly established federal law; or (2) involved an unreasonable application of clearly established federal law, as determined by the Supreme Court.

"Procedural default" refers to the situation in which a petitioner in fact presented a claim to the state courts but the state courts disposed of the claim on procedural grounds, instead of on the merits.  A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state law ground that is independent of the federal question and adequate to support the judgment. Coleman v. Thompson, 501 U.S. 722, 730-31 (1991).

The Coleman Court explained the effect of a procedural default:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Id. at 750.

To demonstrate cause for a procedural default, a petitioner must be able to "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. Murray v. Carrier, 477 U.S. 478, 488 (1986) . For cause to exist, the external impediment must have prevented the petitioner from raising the claim. Id. at 492.

A "fundamental miscarriage of justice" occurs when the constitutional error complained of "'probably resulted in the conviction of one who is actually innocent.'" Boyd v. Thompson, 147 F.3d 1124, 1127 (9th Cir. 1998) (quoting Murray, 477 U.S. at 495–96). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998) (citing Sawyer v. Whitley, 505 U.S. 333, 339 (1992)). This is a "very narrow exception," Sawyer, 505 U.S. at 341, and it is reserved for the extraordinary case, Murray, 477 U.S. 496. "[B]are allegations, unsupplemented by

1  evidence, do not tend to establish . . . actual innocence" sufficient to overcome a

2  procedural default. Thomas v. Goldsmith, 979 F.2d 746, 750 (9th Cir. 1992).

3      The Court in Coleman held that ineffective assistance of counsel in postconviction

4  proceedings does not establish cause for the procedural default of a claim.  501 U.S. at

5  752-54. However, in Martinez v. Ryan, 566 U.S. 1, 9 (2012), the Court established a

6  "narrow exception" to that rule, explaining that:

7          Where, under state law, claims of ineffective assistance of trial counsel
           must be raised in an initial-review collateral proceeding, a procedural default
8          will not bar a federal habeas court from hearing a substantial claim of
           ineffective assistance at trial if, in the initial-review collateral proceeding,
9          there was no counsel or counsel in that proceeding was ineffective.

10 566 U.S. at 17.

11     The Ninth Circuit has provided guidelines for applying Martinez:

12
           To demonstrate cause and prejudice sufficient to excuse the procedural
13         default, therefore, Martinez . . . require[s] that [Petitioner] make two
           showings.  First, to establish "cause," he must establish that his counsel in
14         the state postconviction proceeding was ineffective under the standards of
           Strickland [v. Washington, 466 U.S. 668 (1984)].  Strickland, in turn,
15         requires him to establish that both (a) post-conviction counsel's
           performance was deficient, and (b) there was a reasonable probability that,
16         absent the deficient performance, the result of the post-conviction
           proceedings would have been different.  Second, to establish "prejudice,"
17         he must establish that his "underlying ineffective-assistance-of-trial-counsel
18         claim is a substantial one, which is to say that the prisoner must
           demonstrate that the claim has some merit."
19

20 Clabourne v. Ryan, 745 F.3d 362, 377 (9th Cir. 2014) (citations omitted).

21     **Ground 1**

22     Torres-Mejia contends that his trial counsel rendered ineffective assistance when

23 he failed to move to suppress the evidence found in Petitioner's truck in violation of his

24 Sixth and Fourteenth Amendment rights. (ECF No. 15 at 9-10).[2] According to Torres-

25 Mejia, a police officer pulled him over for stopping at a red light too abruptly and blocking

26 the crosswalk.  The officer said Torres-Mejia's hands were shaking, he could see the

27

28 [2] Respondents also argue in the Motion to Dismiss that Ground 1 was not cognizable pursuant to Tollett v.
   Henderson, 411 U.S. 258 (1973), (ECF No. 20 at 6-7), but withdrew that argument in their reply, (ECF No. 27 at 10).

6

pulse in Torres-Mejia's neck, and he could smell heroin, which was packaged in a hidden, locked compartment of the truck. Though Torres-Mejia does not speak English and the officer did not speak Spanish, the officer claimed that Torres-Mejia consented to the search of his truck. The officer used a narcotics detector dog and found heroin, cocaine, and money. Id. at 9. Torres-Mejia argues that his counsel was ineffective for failing to challenge the traffic stop, detention and search on the bases that the officer lacked reasonable suspicion and probable cause to stop the truck, order Torres-Mejia out of the truck, or search the truck.

Torres-Mejia acknowledges that this claim is unexhausted. ECF No. 26 at 3.  He concedes that if he were to return to state court to raise this claim now, it would be procedurally barred as untimely and successive because it was not raised in his first state postconviction petition.  Id. (citing NRS §§ 34.726, 34.810). Torres-Mejia asserts therefore that the claim is "technically exhausted but procedurally defaulted." Id. (citing 28 U.S.C. § 2254(b)(1)(B); Woodford v. Ngo, 548 U.S. 81, 92 (2006); Dickens v. Ryan, 740 F.3d 1302, 1321 (9th Cir. 2014) (en banc)). He acknowledges that "'exhaustion in this sense does not automatically entitle the habeas petitioner to litigate his or her claims in federal court'" and that he must overcome the default to assert Ground 1 in the instant action. Id. (quoting Ngo, 548 U.S. at 93). See also Coleman, 501 U.S. at 744-751.

Torres-Mejia urges that pursuant to Martinez he can demonstrate cause and prejudice to overcome the default.  He asserts that he can satisfy the cause prong on the basis that postconviction counsel was ineffective under Strickland for failing to raise this trial ineffective assistance of counsel claim.  He also asserts that he can satisfy the prejudice prong on the basis that the claim has at least "some merit." ECF No. 26 at 5-6. The resolution of whether he can demonstrate cause and prejudice to excuse the procedural default is therefore intertwined with a merits review.  Accordingly, the Court shall defer a decision on procedural default and Ground 4 until it has also reviewed any merits arguments in the Reply and Answer.

### III.     Conclusion

**IT IS THEREFORE ORDERED** that Respondents' Motion to Dismiss (ECF No. 20) is **DENIED** in part as follows:

Grounds 3 and 4 are **EXHAUSTED**.

A decision on Ground 1 is **deferred** as set forth in this order.

**IT IS FURTHER ORDERED** that Respondents shall have sixty **(60) days** from the date this order is entered within which to file an answer to the Second Amended Petition.

**IT IS FURTHER ORDERED** that Petitioner shall have forty-five **(45) days** following service of Respondents' Answer in which to file a reply.

**IT IS FURTHER ORDERED** that Respondents' Motion for Leave to File Presentence Investigation Report Under Seal (ECF No. 22) is **GRANTED**.


DATED: 18 May 2020.

RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE